UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MARIAN JACKSON LINGENFELTER ) | Civil Action No.: 4:22-cv-04248-TER |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| -vs- ) | |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits(DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

## I.  RELEVANT BACKGROUND

**A.     Procedural History**

Plaintiff filed an application for DIB in May 2020, alleging disability beginning on March 17, 2020. (Tr. 10). Her claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held in December 2021, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 10). The Administrative Law Judge (ALJ) issued an unfavorable decision on February 28, 2022, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 10-18). Plaintiff filed a request for review of the ALJ's decision. The Appeals Council denied the request for review. (Tr. 1-3). In November 2022, Plaintiff filed this

action. (ECF No. 1).

B.     **Plaintiff's Background and Medical History**

Plaintiff was born in October 1956, and was sixty-three years old, on the alleged onset date. (Tr. 17). Plaintiff had past work as a licensed practical nurse. (Tr. 25). Plaintiff alleges disability originally due to breast cancer stage four, ovarian cancer, scoliosis, COPD, bilateral cataracts, osteoporosis, nodule on lung, and nodule on thyroid gland. (Tr. 67-68). Relevant records will be addressed under the pertinent issue headings.

C.     **The ALJ's Decision**

In the decision of February 2022, the ALJ made the following findings of fact and conclusions of law (Tr. 10-18):

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2.  The claimant has not engaged in substantial gainful activity since March 17, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.  The claimant has the following severe impairments: lumbar degenerative disc, bilateral hand osteoarthritis, right-hand trigger finger, and bilateral cataracts (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the following: frequently use push/pull hand controls; frequently handle, finger, and feel. The claimant can climb ramps and stairs frequently; occasionally climb ladders, ropes, or scaffolds; frequently balance as described in the Selected Characteristics of Occupation (SCO); stoop frequently, kneel frequently, crouch frequently, crawl frequently. No work requiring discrimination between very small objects and

       no prolonged fine discrimination generally; is limited to ordinary book print or larger text for reading (typical font 12 or larger) but no tasks requiring prolonged reading of normal sized text; no visual limitations regarding working with medium and large objects. The claimant can never work at unprotected heights, can work near dangerous moving mechanical parts occasionally, no driving a motor vehicle as a work requirement.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on October 18, 1956 and was 63 years old, which is defined as an individual closely approaching retirement age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 17, 2020, through the date of this decision (20 CFR 404.1520(g)).

## II. DISCUSSION

Plaintiff argues the ALJ erred in finding scoliosis as a non-severe impairment. (ECF No. 16 at 6). Plaintiff argues the ALJ did not explain the RFC and the RFC determination was despite Plaintiff's testimony; this argument appears to contest the subjective symptom evaluation. Plaintiff also addresses the ALJ's conclusion that Plaintiff's statements were not entirely consistent with the record evidence, which is related to the subjective symptom evaluation. Plaintiff argues: "The ALJ erred in not evaluating objective and subjective evidence regarding Plaintiff's limitations due to

scoliosis, lumbar spine degenerative disc disease and osteoarthritis in both hands as required under 20 C.F.R. § 404.1529." The regulation 20 C.F.R. § 404.1529 is in regard to the subjective symptom evaluation, not RFC limitations. In accordance with *Dowling v. Comm'r*, 986 F.3d 377, 387 (4th Cir. 2021), while related and affecting each other, the RFC and subjective symptom evaluation are separate analysis and the court will address Plaintiff's arguments separately. Defendant argues the ALJ applied the correct law and relied on substantial evidence in finding Plaintiff not disabled.

A central premise of Plaintiff's arguments is the ALJ focused on evidence from before the alleged onset date. The ALJ cited a few records prior to the onset date but most of the citations are to evidence during the relevant time period.

**A.    LEGAL FRAMEWORK**

    **1.    The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether

he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA.  *See* 20 C.F.R. § 404.1520.  These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis.  If a decision regarding disability may be made at any step, no further inquiry is necessary.  20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work.  See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982).  The claimant bears the burden of establishing his inability to work within the meaning of the Act.  42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do.  The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525.  If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment.  20 C.F.R. § 404.1520(a)(4)(iii).  To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

5

to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound

foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

**Scoliosis**

Plaintiff argues the ALJ erred in not finding scoliosis as a severe impairment.

A severe impairment is defined by the regulations as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Plaintiff bears the burden of demonstrating that he has a severe impairment. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). However, "'[a]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.'" *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir.1984) (*quoting Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984)). The severe impairment inquiry "is a de minimis screening device to dispose of groundless claims." *McCrea v. Comm'r*, 370 F.3d 357, 360 (3rd Cir. 2004) (citation omitted). A finding of a single severe impairment at step two of the sequential evaluation is enough to ensure that the factfinder will progress to step three. *See Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir.2008) ("[A]ny error here became harmless when

7

the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence.").

As to back issues, the ALJ did find lumbar degenerative disc as a severe impairment. (Tr. 13). In finding scoliosis as nonsevere, the ALJ found Plaintiff's scoliosis[3] was noted as stable on multiple occasions. (Tr. 13). Plaintiff alleges none of the exhibits cited by the ALJ to support this statement correspond to this impairment or are prior to the alleged onset date of March 17, 2020. (ECF No. 16 at 7). Exhibit 3F/18 is a November 2019 visit noting impression of stable scoliosis. (Tr. 389). Exhibit 3F/43 and 4F/21 are unrelated to scoliosis. (Tr. 414). Exhibit 4F/120 was in March 2019 with impression of stable scoliosis. (Tr. 544). However, Exhibit 8F/126 is a May 2020 visit noting impression of stable scoliosis with no complaints about; in same page, it states chest CT showed significant dextrothoracic scoliosis. (Tr. 746).

The ALJ found other severe impairments such that the Steps continued and Plaintiff's back pain was considered in the remaining Steps. While Defendant's brief notes post-hoc citations to the record which the ALJ did not rely on as support, there is no outcome determinative error here because the record shows during the relevant period Plaintiff noted she did not even know she had scoliosis and did not endorse any pain or limitation based on scoliosis, scoliosis was stable in October 2021, and conservatively treated with physical therapy, but nonetheless as discussed below the ALJ accounted for all of her complaints that the ALJ found consistent with the record . (Tr. 576, 844). Plaintiff did not carry her burden at this early Step and Plaintiff's allegations of back pain, which could relate to both her severe and nonsevere impairments were addressed at later Steps.

---

[3]A diagnosis provides no functional limitation information. *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986).

The regulations do not require specific articulation about how an ALJ is to have considered non-severe impairments in the RFC.  20 C.F.R. § 404.1545; *Britt v. Saul*, 860 Fed. Appx. 256, 262 (4th Cir. 2021)(Case law and regulations do not explicitly require a specific analysis on non-severe impairments in the RFC; the ALJ's opinion must simply reflect the ALJ considered the non-severe impairment.)  A non-severe impairment by its nature did not cause more than a minimal limitation in ability to perform basic mental work activities. 20 C.F.R. § 404.1522(a).[4]

The record supports the ALJ's assignment of scoliosis as non-severe; even if the ALJ's citation of evidence does not fully support the ALJ's finding, as discussed above, there was no outcome determinative error.

**Subjective Symptom Evaluation**

Plaintiff argues the ALJ erred in the subjective symptom evaluation. (ECF No. 16 at 11). The Fourth Circuit Court of Appeals has made clear that an RFC determination "is a separate and distinct inquiry from a symptom evaluation." *Dowling v. Comm'r*, 986 F.3d 377, 387 (4th Cir. 2021).   SSR 16-3p sets out "the process ALJs use to evaluate the intensity and persistence of a claimant's symptoms and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the record." *Id.*(internal citations and quotations omitted). Plaintiff's arguments are based in Plaintiff's allegations being found inconsistent with the record evidence.

Under *Craig v. Chater*, 76 F.3d 585, 591-96 (4th Cir. 1996), subjective complaints are

---

[4] Reading the ALJ's opinion as a whole, the ALJ considered all of Plaintiff's impairments both severe and non-severe.  Plaintiff does not demonstrate that the ALJ's analysis was not supported by substantial evidence.  The ALJ sufficiently addressed Plaintiff's combined impairments under the *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989) standard and there is substantial evidence to support the ALJ's decision in this regard.

evaluated in two steps. First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged. Not until such underlying impairment is deemed established does the fact-finder proceed to the second step: consideration of the entire record, including objective and subjective evidence, to evaluate the intensity and persistence of symptoms to determine how symptoms limit capacity for work. *See also* 20 C.F.R. § 404.1529; SSR16-3p, *4.

The ALJ may choose to reject a claimant's testimony regarding his condition, but the ALJ must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of Health & Human Servs.*, 898 F.2d 21, 23 (4th Cir. 1989) (quoting *Smith v. Schweiker*, 719 F.2d 723, 725 n.2 (4th Cir. 1984)). A claimant's allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers[.]" *Craig*, 76 F.3d at 595. The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See id.*; *see* SSR 16-3p, at *4.

A claimant's statements about intensity, persistence, and limiting effects of symptoms, which are inconsistent with the objective medical evidence and other evidence, are less likely to reduce his capacity to perform work related activities. SSR 16-3p, at *7; 20 C.F.R. § 404.1529(c). An individual's symptoms are evaluated based on consideration of objective medical evidence, an individual's statements directly to the Administration, or to medical sources or other sources, and the following factors:

   1. Daily activities;

> 2. The location, duration, frequency, and intensity of pain or other symptoms;
> 3. Factors that precipitate and aggravate the symptoms;
> 4. The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, at *7; 20 C.F.R. § 404.1529(c). The ALJ at step three is to "consider the individual's symptoms when determining his or her residual functional capacity and the extent to which the individual's impairment-related symptoms are consistent with the evidence in the record." SSR 16-3p, at *11.

Plaintiff argues the ALJ fixated on evidence in the time period before Plaintiff stopped working and on COPD evidence. (ECF No. 16 at 11). Plaintiff's arguments are not well-founded as the discussion below shows the ALJ cited to evidence within the period and discussed evidence about all of Plaintiff's impairments, not just COPD.

The ALJ summarized Plaintiff's allegations about quitting her job and activities she could still do:

> The claimant alleges disability due to the above impairments. At the hearing, the claimant testified to leaving work due to significant chronic obstructive pulmonary disease/respiratory reaction and needing to wear a mask due to her sensitivity to workplace exposure to chemicals and other factors. She further testified to having scoliosis and arthritis, and stated her arthritis is affected by the change in weather. The claimant also testified to experiencing pain in her back, shoulders, and hips, difficulties gripping and opening jars, as well as difficulties with buttoning or using zippers. As provided by the claimant, she uses grippers to open all bottles, and she uses braces for her right wrist and left hand at night. Additionally, she testified to difficulties with prolonged sitting, standing, and walking due to her impairments. Moreover, the claimant has cataracts in both eyes and will go back to schedule

>surgery. Despite her impairments, she also testified to the ability to do light household chores, be somewhat active, and go grocery shopping with her husband.

(Tr. 15). The ALJ found Plaintiff's allegations about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence for the reasons explained. (Tr. 15). The ALJ then discussed that evidence. (Tr. 15-17). The ALJ discussed evidence that supported finding COPD was non-severe and unsupportive of Plaintiff's allegations of leaving work due to COPD issues. (Tr. 15). The ALJ noted July 2020 exams where Plaintiff was not using inhalers and exam was normal. (Tr. 15, 578). The ALJ noted a October 2021 exam where Plaintiff's COPD was stable and asymptomatic. (Tr. 15; 844). The ALJ noted normal lung exams. (Tr. 15, 714(January 2021 exam), 858(August 2021 exam). The ALJ found that the allegations were unsupported and therefore did not support inclusion into the RFC. (Tr. 15).

Then, the ALJ considered Plaintiff's other allegations as to hands, scoliosis, and back pain. (Tr. 15). The ALJ discussed impairments of osteoarthritis, scoliosis, and trigger finger. (Tr. 15). Imaging supported the diagnosis. (Tr. 15). The ALJ cited to Exhibit 8F/70, which was October 2021 imaging impression of arthritis in base of thumbs and DIP joints and erosive osteoarthritis in index finger (Tr. 15, 690) and Exhibit 3F/42, July 2019 spine imaging results of multilevel degenerative spondylosis, slight anterolisthesis, facet arthropathy, and curvature. (Tr. 15, 413). The ALJ cited to Exhibit 9F/11, October 2021 lumbar spine imaging of degenerative changes. (Tr. 15, 817).

The ALJ stated that physical exams showed ambulation without problems, and on numerous occasions, Plaintiff was assessed with stable osteoarthritis and scoliosis and improved trigger finger. (Tr. 15).[5] The ALJ cited Exhibit 9F/38, which was an October 2021 visit with stable

---

[5] Plaintiff is accurate that two of the notes relied on are outside of the relevant time period; Exhibit 4F/119,120 is from March 2019; Exhibit 8F/140 is from November 2019.

osteoarthritis/scoliosis and improved/no complaints as to trigger finger and Exhibit 8F/126, which was a May 2020 visit with no complaints about scoliosis, osteoarthritis, or trigger finger which was much improved with therapy. (Tr. 16, 746, 844). The ALJ discussed that treatment had been conservative with a referral to physical therapy, citing Exhibit 9F/38 again. (Tr. 16, 844). Plaintiff's physical exams had been normal, except for covid related fatigue; the ALJ cited to Exhibit 8F/84, an April 2021 visit where Plaintiff did not require assistance with mobility and Exhibit 9F/51, a August 2021 normal exam noting ambulates without problem. (Tr. 16, 704, 857). The ALJ noted fatigue did not last for any 12 month period and was likely related to covid. (Tr. 16, 853). The ALJ noted Plaintiff needed cataract treatment and the RFC accounted for this with visual limitations. (Tr. 16, 712). The ALJ found "the existence of symptoms does not translate directly to an inability to perform work related activities in all cases, and the record shows that her physical symptoms have not manifested even to the point that she has complained of them to treating sources or that would otherwise indicate an inability to perform within a range of medium work." (Tr. 16).

      The ALJ supported his finding–that Plaintiff's limiting effects from Plaintiff's symptoms were not entirely consistent with the record–with citation to substantial evidence. There is no outcome determinative error here; Plaintiff's allegations were analyzed in accordance with the appropriate regulations by the ALJ. *See also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1999)("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result"). As discussed above, the ALJ reviewed Plaintiff's testimony, reports, and medical records,

---

However, the ALJ also cited and relied on similar evidence within the relevant time period as support for the same facts. (Tr. 15-16; 543, 544, 760).

and found Plaintiff's statements concerning the intensity, persistence, and limiting effects of alleged symptoms were not entirely consistent with the evidence. (Tr. 14-16). A claimant's allegations alone can never establish that she is disabled. 20 C.F.R. § 404.1529. An ALJ can discount a Plaintiff's subjective complaints when they are unsupported by the record. 20 C.F.R. § 404.1529; *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). Plaintiff is not required to be without symptoms to be found not disabled by the ALJ. Even where there is conflicting evidence that might have resulted in a contrary decision, our review is limited to whether substantial evidence supports the ALJ's decision. Based on the evidence before the ALJ, the ALJ conducted a proper evaluation of subjective symptoms and cited substantial evidence to support the finding that Plaintiff's allegations of disabling symptoms were inconsistent with the record.

**RFC**

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)

14

(*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)).  The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision.  *See Craig*, 76 F.3d at 595.

The ALJ found an RFC of:

> medium work as defined in 20 CFR 404.1567(c) except the following: frequently use push/pull hand controls; frequently handle, finger, and feel. The claimant can climb ramps and stairs frequently; occasionally climb ladders, ropes, or scaffolds; frequently balance as described in the Selected Characteristics of Occupation (SCO); stoop frequently, kneel frequently, crouch frequently, crawl frequently. No work requiring discrimination between very small objects and no prolonged fine discrimination generally; is limited to ordinary book print or larger text for reading (typical font 12 or larger) but no tasks requiring prolonged reading of normal sized text; no visual limitations regarding working with medium and large objects. The claimant can never work at unprotected heights, can work near dangerous moving mechanical parts occasionally, no driving a motor vehicle as a work requirement.

(Tr. 14).

Plaintiff argues there is no explanation as to why Plaintiff could perform medium work where she testified she could not lift/carry more than ten pounds and needed to change position frequently (ECF No. 16 at 10). As discussed above, substantial evidence supports the ALJ's finding that Plaintiff's allegations regarding limitations from symptoms were not consistent with the record and thus not accounted for in the RFC; only statements which were supported and consistent with the record were accounted for in the RFC by the ALJ.  Plaintiff contends the ALJ relied to heavily on state agency consultants in formulating the RFC who did not have the benefit of Plaintiff's testimony. (ECF No. 16 at 10).  The consultants had the benefit of Plaintiff's function reports and Plaintiff's medical records. An ALJ is entitled to rely on state agency consultant opinions to support an RFC determination where opinions are supported and consistent with the record. *Sherrod v. Kijakazi*, 2022 WL 4130766, at *6 (E.D.N.C. Sept. 12, 2022). ALJs are not required to adopt

15

consultant findings but are required to consider the opinions as evidence "because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). The RFC was also supported by the records as discussed above cited by the ALJ showing normal exams, normal gait, improved trigger finger, stable osteoarthritis/scoliosis with no complaints, and conservative treatment. The ALJ concluded:

> Therefore, the undersigned finds that the medical evidence of record supports the residual functional capacity and the restrictions as indicated above. However, the existence of symptoms does not translate directly to an inability to perform work related activities in all cases, and the record shows that her physical symptoms have not manifested even to the point that she has complained of them to treating sources or that would otherwise indicate an inability to perform within a range of medium work. That conclusion is supported by the diagnostic studies and clinical findings of the examining sources.

(Tr. 16).

The court cannot say that a reasonable mind would not reach this RFC in view of the totality of the evidence. The ALJ supported the functional limitations found in the ALJ's RFC determination with discussion and citation to substantial evidence in the record. Even where there is evidence that might have resulted in a contrary decision, our review is limited to whether substantial evidence supports the ALJ's decision. An RFC is "an administrative assessment made by the Commissioner based on all the relevant evidence in the case record." *Felton-Miller v. Astrue*, 459 Fed. Appx. 226, 230-31 (4th Cir. 2011) (citing 20 C.F.R. §§ 404.1546(c), 416.946(c)). The court does not reweigh the evidence. *See Johnson v. Saul*, No. 5:20-cv-47-KDW, 2021 WL 717250, at *10 (D.S.C. Feb. 24, 2021)("Even if the evidence highlighted by Plaintiff could support a different result, the court's role is not to second-guess the ALJ's findings.") Based upon the foregoing, substantial evidence supports the ALJ's RFC.

### III. CONCLUSION

This court is charged with reviewing the case only to determine whether the findings of the Commissioner were based on substantial evidence. *Richardson*, 402 U.S. at 390. Even where the Plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *Blalock*, 483 F.2d at 775. The Commissioner is charged with resolving conflicts in the evidence, and this Court cannot reverse that decision merely because the evidence would permit a different conclusion. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). As previously discussed, despite the Plaintiff's claims, he has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, and pursuant to the power of the court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is AFFIRMED.


November 9, 2023
Florence, South Carolina

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge